## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| **AMY ILER** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | **FILE NO.:** |
| | ) | |
| **WAL-MART STORES EAST, L.P.,** | ) | |
| **And WALMART INC,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Amy Iler files this Complaint against Defendants Wal-Mart Stores East, L.P., and Walmart Inc, as follows:

## JURISDICTION, VENUE AND PARTIES

1.

Plaintiff Amy Iler is a citizen of the State of Georgia.

2.

Defendant Wal-Mart Stores East, L.P. is a foreign limited partnership doing business in the state of Georgia with its principal office address being 708 SW 8th Street, Bentonville, Arkansas, 72716. Said corporation is subject to the jurisdiction and venue of this Court and may be served with a Summons and a copy of this Complaint by serving its registered agent, The Corporation Company (FL), at 112 North Main Street, Cumming, Georgia 30040.

3.

Defendant Walmart Inc., formerly Wal-Mart Stores, Inc., is an Arkansas corporation with its principal office located at 708 SW 8th Street, Bentonville, AR, 72716, USA.   Defendant Walmart Inc. may be served with process through its registered agent, The Corporation Company (Fl), 112 North Main Street, Cumming, GA, 30040, USA.

4.

This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. §1332(c)(1), as Plaintiffs and Defendants are citizens of different states and the amount in controversy herein exceeds $75,000.

5.

This Court is a proper venue for this civil action pursuant to 28 U.S.C. § 1391(b)(2) and Local Rule 3.4, as the event giving rise to the Plaintiffs' claims occurred in Oconee County, Georgia.

**FACTS**

6.

Defendants own and operate the WalMart store located at 1911 Epps Bridge Pkwy, Athens, GA 30606.

7.

On May 5, 2019, Plaintiff Amy Iler went to the Walmart store to shop.

8.

As Plaintiff was walking down an aisle, she slipped and fell on a liquid believed to be water.

9.

There was no sign warning WalMart customers of the liquid on the floor.

10.

Plaintiff injured her right knee in the fall, requiring two surgeries.

## COUNT I
## NEGLIGENCE OF DEFENDANTS WALMART STORES EAST, L.P.
## & WALMART INC.

11.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

12.

On May 5, 2019, Plaintiff was an invitee at Defendants' premises.

13.

Pursuant to O.C.G.A. § 51-3-1, Defendants owed a duty of ordinary care to keep the premises and approaches safe for invitees such as Plaintiff.

14.

The liquid on the floor was a slip hazard and posed an unreasonable risk of injury to invitees such as Plaintiff.

15.

Defendants had actual notice of the liquid on the floor.

16.

Defendants failed to have a reasonable inspection routine in effect to detect slip hazards such as liquid on the floor, thus giving Defendants constructive knowledge of the liquid on the floor.

17.

Alternatively, Defendants had a reasonable inspection routine in effect to detect slip hazards such as liquid on the floor but failed to follow the reasonable inspection routine at the time of Plaintiff's fall.

18.

The liquid on the floor was present long enough that a reasonable inspection routine by Defendants should have discovered the liquid, giving Defendants constructive notice of the liquid.

19.

Before Plaintiff's fall, an employee of Defendants was in the immediate vicinity of the liquid and could have seen the liquid, giving Defendants constructive notice of the liquid.

20.

Defendants were negligent because Defendants failed to clean up the liquid on the floor despite having actual or constructive notice of it.

21.

Defendants were negligent because Defendants failed to put up a sign warning of the liquid on the floor despite having actual or constructive notice of it.

22.

Plaintiff, despite exercising ordinary care for her own safety, was not aware of the liquid on the floor.

## COUNT II – DAMAGES

23.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 22 above as if fully restated.

24.

As a direct and proximate result of Defendants' negligence, Plaintiff Iler suffered right knee injuries that required two surgeries and physical therapy.

25.

Plaintiff Amy Iler incurred and will continue to incur medical expenses as a direct and proximate result of Defendant's negligence.  Her medical bills currently total as follows:

| | |
|---|---|
| • St. Mary's Healthcare | $ 18,688.92 |
| • Piedmont Athens Regional | $ 3,043.40 |
| • Pruitt Health Home | $ 1,225.00 |
| • Oconee Physical Therapy | $ 4,046.00 |
| • National EMS | $ 1,900.00 |
| • Gwinnett Emergency Medicine | $ 4,089.00 |
| • Crown City Orthopedic | $ 2,995.00 |
| • Breg Inc. | $ 75.00 |
| • Athens Radiology | $ 247.00 |
| • Athens Orthopedic Clinic | $ 33,428.30 |
| • Athens Diagnostic Center | $ 900.00 |
| • Anesthesia Consultants of Athens | $ 2,814.00 |
| Total | **$73,451.62** |

26.

Plaintiff Amy Iler has and will continue to suffer lost wages as a direct and proximate result of Defendants' negligence.

27.

Plaintiff Amy Iler is entitled to recover for her past, present, and future personal injuries; past present and future medical and related expenses; past present and future lost wages; and past, present, and future mental and physical pain and suffering.

28.

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries and damages.

WHEREFORE, Plaintiff Amy Iler requests as follows:

(A)     That Plaintiff have judgment against the Defendants for the claims asserted herein

in amounts to be determined at the trial of this civil action;

(B)     That Plaintiff recover her expenses of litigation, including reasonable attorneys'

fees, in an amount based upon the evidence submitted at the trial of this civil

action;

(C)     That process issue and Defendants be served according to law;

(D)     That all costs of this action be cast against the Defendants; and

(E)     That the Court grant Plaintiff such other and further relief as is just and equitable.


### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all claims.

This 22nd day of April, 2021.

**BLASINGAME, BURCH, GARRARD & ASHLEY, P.C.**

*/s/ Michael Ruppersburg*_____
Michael Ruppersburg
Georgia Bar No. 432211


P.O. Box 832
Athens, GA 30603
(706)354-4000